# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0985V
(not to be published)

| | |
|---|---|
| AMY GOODE,<br><br>                       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                       Respondent. | Chief Special Master Corcoran<br><br>Filed: April 28, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Daniel A. Singer*, Shamberg, Johnson, & Bergman, Chts., Kansas City, MO, for Petitioner.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 7, 2020, Amy Goode filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*. (the "Vaccine Act"). Petitioner alleged that that she suffered brachial neuritis, a defined Vaccine Table Injury, which, in the alternative, was caused-in-fact by the tetanus, diphtheria, and acellular pertussis vaccine vaccine she received on September 2, 2019. Petition at 1, ¶¶ 2, 10-11. On January 20, 2023, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 49.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

.

Petitioner has now filed a motion for attorney's fees and costs, dated January 10, 2023 (ECF No. 49), requesting a total award of $37,015.93 (representing $34,361.95 in fees and $2,653.98 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 46. Respondent reacted to the motion on January 24, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. ECF No. 50. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

    A.  <u>Hourly Rates</u>

Petitioner requests the following rates for attorney Daniel A. Singer and his associates:

|  |  |
|---|---|
| Daniel A. Singer | $394 per hour for 2020 |
|  | $445 per hour for 2021 |
|  | $458 per hour for 2022 |
| Scott Nutter | $467 per hour for 2020 |
|  | $491 per hour for 2021 |
| Diane M. Plantz | $253 per hour for 2020 |
|  | $266 per hour for 2021 |

ECF No. 47-1 at 1-2.

    i.    Daniel A. Singer

Daniel Singer is the counsel of record for the entirety of this case. Mr. Singer has been a licensed attorney since 2010, placing him in the range of attorneys with eight to ten years' experience for 2020, and for 2021-22 in the range of attorneys with 11 -19 years' experience, based on the OSM Attorneys' Forum Hourly Rate Schedule.[2] Although Mr. Singer has had one previous case in the Program, he has not had an hourly rate set to date.

Mr. Singer's requested rates are in the appropriate experience ranges, but he does not have demonstrated Vaccine Act experience, and it is therefore improper for him to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. See *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

---

[2] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

Accordingly, I find it reasonable to reduce the requested rates for Mr. Singer to the following: $350 per hour for time billed in 2020; $370 per hour for time billed in 2021; and $385 for time billed in 2022. This results in a reduction of fees requested in the amount of **$744.10**.[3]

  ii.  Diane M. Plantz

Attorney Diane M. Plantz has been licensed to practice law since 2019, placing her in the range of attorneys with less than four years' experience for her time billed. However, as Mr. Singer states in the affidavit he included with Petitioner's motion, she was not admitted to practice in the Court of Federal Claims until 2022. (ECF No. 47-1 at 1). An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). As such, time billed by Ms. Plantz before she was admitted to this Court must be compensated at non-attorney rates. Additionally, this is the first case in the Program setting an hourly rate for Ms. Plantz, and just as with Mr. Singer, Ms. Plantz's requested rates are also excessive given her limited experience in the Vaccine Program, even if they fall within the rate chart ranges generally.

 For that reason, I shall reduce Ms. Plantz's requested rates from $253 per hour to the rate of $163 per hour for her time billed in 2020, and from the rate of $266 per hour to the rate $172 per hour for her time billed in 2021. This represents her time billed before her Court admission and is more in line to that of a supporting paralegal in the Vaccine Program. This results in a reduction of the attorney fees requested in amount of **$7,037.20**.[4] Invoices filed with Petitioner's motion do not show time billed by Ms. Plantz in 2022, and therefore no rate will be set for that period in this case.

  iii.  Scott Nutter

Attorney Scott Nutter has been a licensed attorney since 1999, placing him in the range of attorneys with 20 – 30 years' experience for his time billed in 2020 and 2021. *Id at* 2. The fees motion states that Mr. Nutter has had prior litigation in and experience in the Vaccine Program. But I am unable to locate any Program cases associated with Mr.

---

[3] This amount consists of: ($394 - $350 = $44 x 5hrs = $220) + ($445 - $370 = $75 x 2.90hrs = $217.50) + ($458 - $385 = $73 x 4.20hrs = $306.60) = $744.10.

[4] This amount consists of ($253 - $163 = $90 x 33.75 = $3,037.50) + ($266 – 172 = $94 x 42.55 hrs = $3,999.70) = $7,037.20.

Nutter, or that he has been licensed in the Court of Federal Claims. For that reason, just as with Ms. Plantz, I shall reduce his hourly rates to that similar of an experienced paralegal. Application of the reduced rates for 2020-21 results in an additional fees reduction of **$1,238.50**.[5]

      B. <u>Other Billing</u>

In review of billing invoices submitted, there is one hour of time billed on July 21, 2021, by a paralegal with no supporting task entered with it. ECF No. 47-3 at 7. I will deduct this time from the fees requested, reducing the amount to be awarded by **$172.00**.

## ATTORNEY COSTS

Petitioner requests $2,653.98 in overall costs. ECF No. 47-4. This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$27,824.13** (representing $25,170.15 in fees and $2,653.98 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

                                                      <u>s/Brian H. Corcoran</u>
                                                      Brian H. Corcoran
                                                      Chief Special Master

---

[5] This amount consists of ($467 - $163 = $304 x 2.50hrs = $760) + ($491 - $172 = $319 x 1.50hrs = $478.50) = $1,238.50.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.